## Cook v. Kuhn.

1. CORPORATION: *Power of Attorney.* A resolution recorded at length on the journal of the proceedings of a corporation, authorizing a party to negotiate a loan for it, and execute a mortgage to secure the same, is sufficient authority in that behalf.

2. ————: *Avoiding Conveyance.* A corporation which has enjoyed the fruits of a loan, which it has authorized to be made, cannot avoid the security which its officer has given, until it has done equity by repaying the money loaned.

This was a bill to foreclose a mortgage, filed in the District Court for Douglas county, by Cook and others, against the Florence Land Company and Kuhn. The mortgage was made on the 13th of June, 1859, by the company to the plaintiff, to secure $1,800. It was executed by Parker, as attorney, in fact, of the company. His authority to execute such an instrument was conferred by a resolution of the company, passed on the 31st day of August, 1858, which was in these words:

"On motion of Mr. Officer, the following resolution was passed: *Resolved,* That James M. Parker, Esq., be authorized to sell the eighty-six shares of stock now held by the company, or such portion of them as he can dispose of at a price not less than one hundred dollars per share, and that he be authorized to borrow at as low a rate as possible, not to exceed twenty per cent. at and for a period not to exceed one or more than two years, an additional amount which, with the proceeds of the sale of said shares of stocks, shall not exceed eighteen thousand dollars; that to aid him in affecting this loan he be fully empowered to pledge or mortgage all the real estate and other property of this company, and that to facilitate the general objects of this trust he be authorized to visit the principal eastern cities of our country."

Parker went east on this business, but was unsuccess-

COOK *v.* KUHN.

ful in raising funds, and returned in December. On the 9th of June, he settled his account for the expenses of his trip. Two witnesses testified that they understood that his authority under the resolution ceased at this time.

Kuhn held a judgment against the company, and was impleaded with it as a defendant, and he alone defended. A decree was rendered according to the prayer of the bill, and Kuhn appealed to this court.

*Redick & Briggs*, for appellant.

*G. B. Lake*, contra.

The court, by KELLOGG, Ch. J., held that the resolution recorded on the journal was sufficient to authorize Parker to execute the mortgage. The statute of frauds does not require the authority of the agent to be signed by the principal. Besides, the proof shows that the company had the benefit of the loan, and until it repays it, it cannot avoid the security. He who seeks equity must do equity.

Decree affirmed.